LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (SBN 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY SHARP, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF SACRAMENTO; JOSEPH THEBEAU, an individual; MICHAEL LOSCHER, an individual; TERRENCE MERCADAL, an individual; TOD BEVINS, an individual; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 2:24-cv-02793-JAM-CSK<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Unreasonable Search (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>4. Municipal Liability – Ratification (42 U.S.C. § 1983)<br>5. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)<br>6. Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT FOR DAMAGES

TERRY SHARP brings this Complaint against Defendants CITY OF SACRAMENT, JOSEPH THEBEAU, MICHAEL LOSCHER, TERRENCE MERCADAL, TOD BEVINS, and DOES 1-10, inclusive, and hereby alleges as follows:

## INTRODUCTION

1. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the officer-involved shooting of Terry Sharp on October 11, 2022.

## JURISDICTION AND VENUE

2. This case arises under 42 U.S.C. § 1983 and 1988 as well as California law. This court has subject matter jurisdiction over Plaintiff's federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C. § 1367 as those claims arise out of the same transactions and occurrences as Plaintiff's federal question claims.

3. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2) because all incidents, events, and occurrences giving rise to this action occurred in the City of Elk Grove and the County of Sacramento, California.

## PARTIES

4. At all relevant times, Plaintiff TERRY SHARP ("PLAINTIFF") was an individual residing in the County of Sacramento, California.

5. At all relevant times, Defendant CITY OF SACRAMENTO ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices,

and customs of its various agents and agencies, including the Sacramento Police Department ("SPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of Defendants JOSEPH THEBEAU, MICHAEL LOSCHER, TERRANCE MERCADAL, TOD BEVINS, and DOE OFFICERS.

6. At all relevant times, Defendant JOSEPH THEBEAU ("THEBEAU") was employed as a police officer for SPD, was acting under color of law, and within the course and scope of his duties as a police officer for SPD. Defendant THEBEAU was acting with the complete authority and ratification of his principal, Defendant CITY.

7. At all relevant times, Defendant MICHAEL LOSCHER ("LOSCHER") was employed as a police officer for SPD, was acting under color of law, and within the course and scope of his duties as a police officer for SPD. Defendant LOSCHER was acting with the complete authority and ratification of his principal, Defendant CITY.

8. At all relevant times, Defendant TERRENCE MERCADAL ("MERCADAL") was employed as a police officer for SPD, was acting under color of law, and within the course and scope of his duties as a police officer for SPD. Defendant MERCADAL was acting with the complete authority and ratification of his principal, Defendant CITY.

9. At all relevant times, Defendant TOD BEVINS ("BEVINS") was employed as a police officer for SPD, was acting under color of law, and within the course and scope of his duties as a police officer for SPD. Defendant BEVINS was acting with the complete authority and ratification of his principal, Defendant CITY.

10. At all relevant times, Defendants DOES 1-5 ("DOE OFFICERS") are police officers for SPD who were acting under color of law within the course and

scope of their duties as police officers for the SPD. DOES 1-5 were acting with the complete authority and ratification of their principal, Defendant CITY.

11. Defendants DOES 6-10 are managerial, supervisorial, and policymaking employees of SPD, who at all relevant times was acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the SPD. DOES 6-10 was acting with the complete authority and ratification of their principal, Defendant CITY.

12. On information and belief, at all relevant times Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOES 1-10 were residents of the County of Sacramento.

13. In doing the acts and failing and omitting to act as hereinafter described, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS were acting on the implied and actual permission and consent of DOES 6-10 and the CITY.

14. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 6-10 was acting on the implied and actual permission and consent of the CITY.

15. The true names and capacities, whether individual, corporate, association, or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

16. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

17. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

18. Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS and DOES 1-10 are sued in their individual capacity.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

19. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 18 of this Complaint with the same force and effect as if fully set forth herein.

20. On October 11, 2022, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS responded to an apartment complex located on the 6800 block of Di Lusso Drive in Elk Grove, California. On information and belief, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS were dressed in plain clothes and driving unmarked vehicles.

21. On information and belief, approximately a week prior to this incident, Defendant THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS, had placed a GPS tracker on a vehicle that was registered to PLAINTIFF, without a valid warrant to do so.

22. At approximately 12:00 p.m., Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS observed PLAINTIFF entering his vehicle and attempted to detain PLAINTIFF.

23. PLAINTIFF attempted to move away from Defendants THEBEAU, MERCADAL, BEVINS, and DOE OFFICERS and was walking backwards, while still facing Defendants THEBEAU, MERCADAL, BEVINS, and DOE OFFICERS.

24. Defendant LOSCHER had approached from behind PLAINTIFF and had positioned himself near a tree close to the sidewalk. As PLAINTIFF began to turn around in the direction of Defendant LOSCHER, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS discharged their firearm at PLAINTIFF, striking PLAINTIFF several times.

25. Defendant LOSHER was in plain clothes and did not identify himself as a police officer, give any commands, or give a warning that he was prepared to use deadly force prior to discharging his firearm.

26. After the first volley, as PLAINTIFF attempted to move away from Defendant Officers, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS discharged their firearms for a second volley of shots, striking PLAINTIFF several times and causing PLAINTIFF to fall to the ground. No commands or a warning that deadly force was going to be used was given prior to the second volley of shots.

27. As PLAINTIFF got up off the ground and began to move away from Defendant Officers again, Defendant LOSCHER discharged his firearm again for a third volley of shots, striking PLAINTIFF and causing PLAINTIFF to fall to the ground again.

28. As PLAINTIFF got up off the ground and began to move away from Defendant Officers again, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS discharged their firearm for a fourth volley of shots

29. As PLAINTIFF continued to move away from Defendant Officers, Defendant LOSCHER discharged his firearm again, for a fifth and sixth volley of shots, striking PLAINTIFF and causing him to fall to the ground again.

-6-
FIRST AMENDED COMPLAINT FOR DAMAGES

30. At all relevant times, PLAINTIFF did not pose an immediate threat of death or serious bodily injury to anyone, including Defendants THEBEAU, MERCADAL, BEVINS, and DOE OFFICERS. PLAINTIFF never raised, attempted to raise, or pointed a firearm in the direction of Defendants THEBEAU, MERCADAL, BEVINS, DOE OFFICERS, or any bystander. PLAINTIFF never made any verbal threats towards Defendants THEBEAU, MERCADAL, BEVINS, DOE OFFICERS, or anyone else at any point prior to or during the shooting.

31. At all relevant times, Defendants THEBEAU, MERCADAL, BEVINS, and DOE OFFICERS were not faced with an immediate defense of life situation and had less-lethal alternatives available to take PLAINTIFF into custody.

32. Defendants THEBEAU, MERCADAL, BEVINS, and DOE OFFICERS failed to provide a warning that they were prepared to use lethal force prior to their use of lethal force, despite it being feasible to do so.

33. On information and belief, despite having knowledge that PLAINTIFF was seriously injured by Defendants THEBEAU, MERCADAL, BEVINS, and DOE OFFICERS' use of deadly force, THEBEAU, MERCADAL, BEVINS, and DOE OFFICERS failed to timely summon medical care or permit medical personnel to treat PLAINTIFF. The delay of medical care to PLAINTIFF was a contributing cause of PLAINTIFF's harm, injury, pain and suffering.

34. PLAINTIFF sustained multiple gunshot wounds that resulted in serious injuries, including fractures to his C5 and C6 vertebrae, pain and suffering, and permanent disfigurement.

//
//
//
//
//
//

# FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Unreasonable Search (42 U.S.C. § 1983)**

(Against Defendants JOSEPH THEBEAU, MICHAEL LOSCHER, TERRENCE MERCADAL, TOD BEVINS, and DOE OFFICERS)

35. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36. Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS and DOE OFFICERS, unreasonably searched PLAINTIFF when they placed a Global-Positioning-System ("GPS") tracking device on a vehicle registered in PLAINTIFF's name and monitored the vehicle's movements in an attempt to obtain information as to PLAINTIFF's travel patterns.

37. On information and believe, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS did not have a warrant to place the GPS tracking device on the vehicle registered in PLAINTIFF's name or obtained an insufficient warrant that was unsupported by probable cause.

38. Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS' unlawful search of the vehicle deprived PLAINTIFF of his right to be secure in his person against unreasonable searches as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

39. PLAINTIFF suffered damages as a result of the foregoing.

40. As a result of Defendants' misconduct as described above, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS are liable for PLAINTIFF's damages, either because they were integral participants in the unreasonable search or because they failed to prevent these violations.

41. The conduct of Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS was willful, wanton, malicious, and done with

reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS.

42. Plaintiff seeks compensatory damages for violations of his rights. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS)

43. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

44. Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS used excessive and unreasonable force against PLAINTIFF when they shot him several times. Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS' unjustified use of force deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

45. As a result of the foregoing, PLAINTIFF suffered serious bodily injury, humiliation, pain and suffering, disfigurement, and past and future emotional and mental distress and financial loss.

46. At all relevant times, PLAINTIFF did not forcibly resist, nor did he pose an immediate threat of death or serious bodily injury to Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS or anyone else.

47. Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS' use of force was excessive and objectively unreasonable and

contrary to basic police officer training because PLAINTIFF posed no immediate threat of death or serious bodily injury to anyone at the time.

48. Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS did not exhaust all reasonable available alternative measures prior using deadly force on PLAINTIFF. Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS, failed provide adequate commands and warnings prior to using deadly force, despite it be feasible to do so.

49. As a result of their misconduct as described above, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS are liable for PLAINTIFF's injuries, either because they were integral participants in the use of excessive force or because they failed to prevent these violations.

50. The conduct of Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS.

51. Plaintiff seeks compensatory damages for the violation of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from physical injuries, humiliation, and disfigurement. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

//
//
//
//
//
//

# THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS)

52. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 51 of this Complaint with the same force and effect as if fully set forth herein.

53. At all relevant times, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS were acting under color of state law.

54. Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS failed to provide much needed medical care to PLAINTIFF, failed to timely summon needed medical care for PLAINTIFF, prevented medical care personnel from timely treating PLAINTIFF, and refused to permit medical care personnel access to PLAINTIFF for care at the scene for an appreciable amount of time after the incident.

55. The denial of medical care by Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

56. As a result of the foregoing, PLAINTIFF suffered serious bodily injury, humiliation, pain and suffering, disfigurement, and past and future emotional and mental distress and financial loss.

57. Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS knew that failure to provide timely medical treatment to PLAINTIFF could result in further significant injury, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing PLAINTIFF great bodily harm.

58. The conduct of Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS.

59. As a result of their misconduct as described above, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS are liable for PLAINTIFF's injuries, either because they were integral participants or because they failed to prevent these violations.

60. Plaintiff seeks compensatory damages for the violation of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from physical injuries, humiliation, and disfigurement. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

### FOURTH CLAIM FOR RELIEF
**Municipal Liability – Ratification (42 U.S.C. § 1983)**
(Against Defendants CITY and DOES 6-10)

61. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62. At all relevant times, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS were acting under color of state law and in the course and scope of their employment as police officers for CITY.

63. The acts of Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS as described above, including using lethal force

against PLAINTIFF, deprived PLAINTIFF of his rights under the United States Constitution.

64. Upon information and belief, a final policymaker for CITY, acting under color of law, who had final policymaking authority concerning the acts of Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS, ratified (or will ratify) Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS' acts, which include use of excessive force against Plaintiff as well as the unreasonable search of PLAINTIFF and denial of medical care.

65. Upon information and belief, a final policymaker for CITY has determined (or will determine) that the acts of Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS were "within policy."

66. By reason of the aforementioned acts and omissions, PLAINTIFF suffered serious bodily injury, humiliation, pain and suffering, disfigurement, and past and future emotional and mental distress and financial loss.

67. Accordingly, Defendants THEBEAU, LOSCHER, MECADAL, BEVINS, DOE OFFICERS, CITY, and DOES 6-10 each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

68. Plaintiff seeks compensatory damages for the violation of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from physical injuries, humiliation, and disfigurement. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Against Defendants CITY and DOES 6-10)

69. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

70. At all relevant times, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS were acting under color of state law in the course and scope of their employment as police officers for CITY.

71. The acts of Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS deprived PLAINTIFF of his rights under the United States Constitution.

72. The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

73. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately. Specifically, CITY failed to adequately train Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS with respect to obtaining valid search warrants, detentions and arrests, tactics, use of less-lethal options, and the use of deadly force, including determining whether the use of deadly force is reasonable and appropriate under the circumstances.

74. The failure of Defendant CITY to provide adequate training caused the deprivation of the PLAINTIFF's rights by Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS; that is, CITY's failure to train is so closely related to the deprivation of PLAINTIFF's rights as to be the moving force that caused the ultimate injury.

75. By reason of the aforementioned acts and omissions, PLAINTIFF suffered serious bodily injury, humiliation, pain and suffering, disfigurement, and past and future emotional and mental distress and financial loss.

76. Accordingly, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, CITY, and DOES 6-10 each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

77. Plaintiff seeks compensatory damages for the violation of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from physical injuries, humiliation, and disfigurement. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## SIXTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 6-10)

78. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 77 of this Complaint with the same force and effect as if fully set forth herein.

79. At all relevant times, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS were acting under color of state law in the course and scope of their employment as police officers for CITY.

80. When Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS performed an unlawful search on a vehicle registered to PLAINTIFF's name, shot PLAINTIFF, and denied him timely medical attention, they acted pursuant to an expressly adopted official policy/ies or a longstanding practice(s) or custom of the Defendant CITY.

81. On information and belief, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with their unlawful search and use of lethal force against PLAINTIFF.

82. Defendants CITY and DOES 6-10, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

    (a) Using excessive force, including excessive deadly force;

    (b) Providing inadequate training regarding the use of deadly force;

    (c) Employing and retaining as law enforcement individuals whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

    (d) Inadequately supervising, training, controlling, assigning, and disciplining CITY police officers and other personnel, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    (e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY police officers;

    (f) Failing to adequately discipline CITY police officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

(j) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

83. Defendants CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

84. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, CITY and DOES 6-10 acted with intentional, reckless, and callous disregard for the life and constitutional rights of PLAINTIFF. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of PLAINTIFF.

85. By reason of the aforementioned acts and omissions, PLAINTIFF suffered serious bodily injury, humiliation, pain and suffering, disfigurement, and past and future emotional and mental distress and financial loss.

86. Accordingly, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, CITY, and DOES 6-10 each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

87. Plaintiff seeks compensatory damages for the violation of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from physical injuries, humiliation, and disfigurement. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TERRY SHARP, requests entry of judgment in his favor and against Defendants the City of Sacramento, Joseph Thebeau, Michael Loscher, Terrence Mercadal, Tod Bevins, and DOES 1-10, inclusive, as follows:

A. For compensatory damages in whatever other amount may be proven at trial, including damages for his serious physical injuries, for his pain and suffering, for past and future medical expenses, for past and future financial loss, and for past and future mental and emotional distress;

B. For punitive damages against the individual defendants in an amount to be proven at trial;

C. For statutory damages;

D. For interest;

E. For reasonable attorneys' fees, including litigation expenses;

F. For costs of suit; and

G. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: November 27, 2024        LAW OFFICES OF DALE K. GALIPO

By  */s/ Hang D. Le*
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: November 27, 2024        LAW OFFICES OF DALE K. GALIPO

By  /s/ Hang D. Le
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiff