LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (SBN 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone:    (818) 347-3333
Facsimile:    (818) 347-4118

Attorneys for Plaintiff TERRY SHARP

SUSANA ALCALA WOOD, City Attorney (SBN 156366)
SEAN D. RICHMOND, Senior Deputy City Attorney (SBN 210138)
srichmond@cityofsacramento.org
KATE D.L. BROSSEAU, Deputy City Attorney (SBN 345596)
kbrosseau@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA 95814-2608
Telephone:  (916) 808-5346
Facsimile:   (916) 808-7455

Attorneys for the CITY OF SACRAMENTO, JOSEPH THEBEAU,
MICHAEL LOSCHER, TERRENCE MERCADAL,
and TOD BEVINS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY SHARP, an individual,<br><br>Plaintiff,<br>vs.<br><br>CITY OF SACRAMENTO; JOSEPH THEBEAU, an individual; MICHAEL LOSCHER, an individual; TERRENCE MERCADAL, an individual; TOD BEVINS, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-02793-JAM-CSK<br><br>**JOINT STATUS REPORT** |

Pursuant to this Court's Order (Dkt. No. 4) requiring a Joint Status Report and the provisions of Rule 16 of the Federal Rules of Civil Procedure, the parties hereby submit the following Joint Status Report.

## I.  NATURE OF THE CASE

This is a 42 U.S.C. § 1983 civil rights case arising from the unlawful search and use of force against minor Plaintiff Terry Sharp. Plaintiff Terry Sharp alleges the following causes of action in the First Amended Complaint:

1. Fourth Amendment—Unreasonable Search (42 U.S.C. § 1983)
2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)
3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)
4. Municipal Liability—Ratification (42 U.S.C. § 1983)
5. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)
6. Municipal Liability—Unconstitutional Custom or Policy (42 U.S.C. § 1983)

Plaintiff seeks to recover compensatory damages from all defendants and punitive damages from defendants sued in their individual capacity, as well as attorney fees arising from this litigation.

Defendants deny any and all liability and assert numerous affirmative defenses, including qualified immunity.

## II.  STATUS OF SERVICE OF PROCESS

The First Amended Complaint has been served on all named defendants.

## III.  JOINDER OF ADDITIONAL PARTIES

Plaintiff does not anticipate on any joinder of additional parties at this time but reserves the right to do so should the need arise from information obtained during the course of discovery.

## IV.  AMENDMENT OF PLEADINGS

Plaintiff does not anticipate on any amendment of the pleadings at this time but reserves the right to do so should the need arise from information obtained during the course of discovery.

//
//

## V. STATUTORY BASIS FOR JURISDICTION AND VENUE

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## VI. ANTICIPATED MOTIONS

Plaintiff does not currently anticipate on filing any motions. Plaintiff reserves the right to file motions should the need arise.

Defendants anticipate filing a motion for summary judgment on grounds of qualified immunity.

## VII. DISCOVERY

The parties do not propose any changes to the timing, form, or requirement for disclosures under Rule 26(a)(1). The parties will exchange initial disclosures on **April 4, 2025**.

Plaintiff anticipates on taking the deposition upon oral examination of the involved defendant officers, the additional officers who responded to the scene after the shooting, the officers' supervisors, medical personnel, percipient witnesses, and Defendants' expert witnesses. The additional officers, supervisors, medical personnel, and percipient witnesses have not yet been identified.

Plaintiff anticipates on serving written interrogatories, requests for admission, and requests for production of documents on the issues of liability for unreasonable detention and arrest, excessive and unreasonable force, and related state law claims.

Defendants anticipate deposing Plaintiff and percipient witnesses, as well as any expert witnesses designated by Plaintiff.  Defendants further anticipate serving written discovery designed to determine Plaintiff's theories of liability and contention for damages.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case. The parties agree that documents maintained in electronic format may be produced in hard copy format.

The parties do not propose any changes to the limitations on discovery imposed under the Civil Rules at this time. The parties reserve the right the requests changes to any limitations should the need arise.

The parties propose that discovery be conducted in two phases: fact discovery and expert discovery, with proposed dates reflected below. The parties propose fact-discovery to extend between **April 4, 2025** through **January 30, 2026**. The parties also propose an initial disclosure of experts and information pursuant to Rule 16(a)(2) date of **February 27, 2026,** and a disclosure of rebuttal experts and related information date of **March 27, 2026**.

## VIII.   PROPOSED CASE MANAGEMENT DATES

The parties propose the following case management dates for future proceedings:

| **Case Management Event** | **Proposed Date/Deadline** |
|---|---|
| Fact Discovery Cut-Off | January 30, 2026 |
| Expert Disclosures | February 27, 2026 |
| Rebuttal Expert Disclosures | March 27, 2026 |
| Expert Discovery Cut-Off | May 22, 2026 |
| Last Day to Hear Dispositive Motions | July 21, 2026 |
| Final Pretrial Conference | September 15, 2026 |
| Trial | October 12, 2026 |

## IX.   SPECIAL PROCEDURES

The parties do not believe this matter is appropriate for special procedures.

## X.   TRIAL ESTIMATE

The parties estimate 5-7 court days for trial.

//

**XI.  MODIFICATION OF STANDARD PRETRIAL PROCEDURES**

The parties do not propose any modification to standard pretrial procedures.

**XII.  RELATED CASES**

There are no related cases.

Respectfully submitted,

DATED:  March 14, 2025                LAW OFFICES OF DALE K. GALIPO

                                      By_____*/s/ Hang D. Le*_____
                                         Dale K. Galipo
                                         Hang D. Le
                                         Attorneys for Plaintiff TERRY SHARP

DATED:  March 14, 2025                SUSANA ALCALA WOOD, City Attorney

                                      By___*/s/ Kate D.L. Brosseau (as auth. on 3/13/25)*___
                                         Sean D. Richmond
                                         Senior Deputy City Attorney
                                         Kate D.L. Brosseau
                                         Deputy City Attorney
                                         Attorneys for Defendants CITY OF
                                         SACRAMENTO, JOSEPH THEBEAU,
                                         MICHAEL LOSCHER, TERRENCE
                                         MERCADAL, and TOD BEVINS