SUSANA ALCALA WOOD, City Attorney (SBN 156366)
**SCOTT P. THORNE, Deputy City Attorney II (SBN 326917)**
sthorne@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA  95814-2608
Telephone:  (916) 808-5346
Facsimile:   (916) 808-7455

Attorneys for the CITY OF SACRAMENTO,
JOSEPH THEBEAU, MICHAEL LOSCHER,
TERRENCE MERCADAL, and TOD BEVINS

DALE K. GALIPO, Esq. (SBN 144074)
dalekgalipo@yahoo.com
HANG D. LE, Esq. (SBN 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367

Attorneys for TERRY SHARP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY SHARP, an individual,<br><br>    Plaintiff,<br><br>  vs.<br><br>CITY OF SACRAMENTO; COUNTY OF SACRAMENTO; JOSEPH THEBEAU, an individual; MICHAEL LOSCHER, an individual; TERRENCE MERCADAL, an individual; TOD BEVINS, an individual; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.:  2:24-cv-02793-JAM-CSK<br><br>**STIPULATED PROTECTIVE ORDER** |

**1. PURPOSES, GOOD CAUSE STATEMENT, AND LIMITATIONS**

Disclosure and discovery activity in this action involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Defendants City of Sacramento and its peace officers have determined that certain documents that may be subject to disclosure in this action contain information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties, or if disclosed to third parties, would require such third parties to maintain the information in confidence. This confidential or private information warrants special protection from public disclosure and from use for any purpose other than prosecuting this litigation.

Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order on the basis that the documents described herein and anticipated to be subject to disclosure in this matter contain confidential and protected information that may only be disclosed and/or produced subject to the following terms, unless timely challenged subject to the provisions in Section 6, below. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to

///

file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Pursuant to Local Rule 141.1(c)(1), the types of information eligible for protection under this Order are limited to confidential peace officer personnel records and related materials maintained by the City of Sacramento, as defined in California Penal Code § 832.8, that remain confidential under California Penal Code § 832.7(a) and are not subject to the mandatory public disclosure exceptions set forth in California Penal Code § 832.7(b) (e.g., records relating to incidents involving discharge of a firearm at a person, use of force resulting in death or great bodily injury, sustained findings of excessive force, failure to intervene in excessive force, sexual assault on a member of the public, dishonesty in reporting or investigating crimes or misconduct, prejudice or discrimination based on protected characteristics, or unlawful arrest or search). These include, in general terms sufficient to reveal the nature of the information:

- Personal data of peace officers, such as marital status, family members, educational and employment history, home addresses, or similar identifying information (e.g., akin to a personnel dossier containing private biographical details), excluding any such data that falls within the public disclosure exceptions of Penal Code § 832.7(b);
- Medical history of peace officers (e.g., akin to confidential health records detailing physical or mental conditions), excluding any such history that falls within the public disclosure exceptions of Penal Code § 832.7(b);
- Elections related to employee benefits for peace officers (e.g., akin to private selections of insurance or retirement plans), excluding any such elections that fall within the public disclosure exceptions of Penal Code § 832.7(b);
- Records concerning peace officer advancement, appraisal, discipline, awards, commendations, recognition, reassignments, or position changes (e.g., akin to performance evaluations or disciplinary files reflecting professional assessments), excluding any such records that fall within the public disclosure exceptions of Penal Code § 832.7(b);

- Complaints or investigations of complaints concerning events or transactions in which a peace officer participated or perceived, pertaining to the manner of performance of duties, including "sustained" findings (as defined in Penal Code § 832.8(b), meaning a final determination following investigation and appeal that the officer's actions violated law or policy) or "unfounded" determinations (as defined in Penal Code § 832.8(c), meaning the investigation clearly establishes the allegation is not true) (e.g., akin to internal investigative reports on alleged misconduct), excluding any such complaints or investigations that fall within the public disclosure exceptions of Penal Code § 832.7(b);

- Any other information the disclosure of which would constitute an unwarranted invasion of a peace officer's personal privacy (e.g., akin to sensitive personal notes or data not otherwise categorized but posing privacy risks), excluding any such information that falls within the public disclosure exceptions of Penal Code § 832.7(b); and

- Related internal investigation materials from the Sacramento Police Department, such as internal affairs files, citizen complaints, incident reports, and log books that contain or reference the above personnel information (e.g., akin to departmental logs documenting operational incidents tied to officer conduct), excluding any such materials that fall within the public disclosure exceptions of Penal Code § 832.7(b).

Pursuant to Local Rule 141.1(c)(2), there is a particularized need for protection as to each category described above. These categories encompass sensitive information protected under California Penal Code §§ 832.7(a) and 832.8, which recognize the heightened privacy interests of peace officers for records not subject to the public disclosure exceptions in Penal Code § 832.7(b). Specifically: (i) personal data requires protection to prevent identity theft, harassment, or safety risks to officers and their families; (ii) medical history must be shielded to avoid stigma, discrimination, or unauthorized health disclosures; (iii) employee benefits elections warrant confidentiality to protect financial privacy; (iv) advancement, appraisal, and discipline records need safeguarding to maintain morale, prevent reputational harm from unsubstantiated claims, and encourage candid evaluations; (v) complaints and investigations, including sustained or unfounded findings, require protection to ensure fair internal processes,

avoid chilling effects on reporting, and prevent public misinterpretation of unresolved matters; (vi) other privacy-invasive information demands protection to uphold general privacy rights; and (vii) related internal investigation materials must be confidential to preserve the integrity of law enforcement operations and prevent interference with ongoing or future inquiries. This need persists only for materials not falling within the exceptions of Penal Code § 832.7(b), as those exceptions mandate public availability to promote transparency in specified serious misconduct cases.

Pursuant to Local Rule 141.1(c)(3), the need for protection should be addressed by a court order rather than a private agreement because the materials involve statutory confidentiality obligations under California Penal Code §§ 832.7(a) and 832.8 for records not subject to the public disclosure exceptions in Penal Code § 832.7(b), which govern public agency records and require judicial oversight for disclosure in litigation. A private agreement would lack enforceability against non-parties, such as experts, witnesses, or court personnel, and could not ensure compliance with federal discovery rules under Federal Rule of Civil Procedure 26(c). A court order provides necessary judicial authority to impose sanctions for violations, facilitates orderly dispute resolution (e.g., via the challenge procedures in Section 6), and aligns with the presumption of public access by allowing for targeted redactions and sealing only where justified, while respecting the statutory exceptions for public disclosure in Penal Code § 832.7(b).

**2. DEFINITIONS**

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel: Counsel of Record (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8 Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.9 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs).

2.10 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.13 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The documents eligible for protection under this Order include, but are not limited to:

Peace officer personnel file documents and materials that concern, relate, or refer to fitness for duty reports and evaluations, performance evaluations, discipline, awards, commendations

///

and recognition, reassignments or position changes, employee personal data, and related records.

Sacramento Police Department internal investigation documents and materials including internal affairs investigation files, citizen complaints, personnel file documents and data, incident reports, log books, and other related records.

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

This Order protects peace officer personnel information in all stages of discovery, including at depositions.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which

material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 Withdrawal of Designation. A Designating Party may withdraw the designation of information or items for protection under this Order or remove the protected material from some or all of the protections and provisions of this Stipulation and Order by agreement among the parties, or pursuant to an Order of the Court. The Designating Party shall be construed to have withdrawn a designation for protection under this Order by either (1) making such protected material part of the public record—including but not limited to attaching such

material as exhibits to any filing with the Court without moving, prior to such filing, for the Court to seal such records; or (2) failing to timely oppose a Challenging Party's motion to remove the designation to specific protected material.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 251, subsection (b).

6.3 Joint Statement. Any challenge submitted to the Court shall be via a joint statement pursuant to Local Rule 251, subsection (c).

6.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

///

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

///

///

///

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECT MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**11. MISCELLANEOUS**

11.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

11.4 Non-Party's Protected Material. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the

///

remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11.5 Independent Discovery. This Order shall not impose any restrictions on the use of or disclosure of the aforementioned documents, records, reports, recordings, photos, policies, personnel or employment records, and prior claims obtained by Plaintiff independent of discovery in this action, whether or not such material is also obtained through discovery in this action. Prior to any use or disclosure of such independently obtained materials, including but not limited to materials obtained from prior litigation involving the City, that would qualify under this section, the Plaintiff shall provide written notice to the City, including a copy of the materials, at least ten (10) business days before such use or disclosure, to allow the City to seek appropriate relief from the Court if necessary.

**12. FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: October 8, 2025                    SUSANA ALCALA WOOD,
                                          City Attorney


                                    By: _____
                                          **SCOTT P. THORNE**
                                          Deputy City Attorney II
                                          Attorneys for the
                                          CITY OF SACRAMENTO, JOSEPH
                                          THEBEAU, MICHAEL LOSCHER,
                                          TERRENCE MERCADAL, and TOD
                                          BEVINS

DATED: October 8, 2025                    LAW OFFICES OF DALE K. GALIPO


                                    By: _____
                                          **DALE K. GALIPO**
                                          **HANG D. LE**
                                          Attorneys for TERRY SHARP


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATE: _____          _____
                                    Hon. Jeremy D. Peterson
                                    United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I understand that I am being given access to Confidential Information pursuant to the Stipulated Protective Order entered in the action entitled Sharp v. City of Sacramento, United States District Court – Eastern District Case No.: 2:24-cv-02793-JAM-CSK. I have been provided with a copy of the Stipulated Protective Order and agree to be bound by its terms and conditions said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____